IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CALVIN BELL,

                Plaintiff,           Case No. 3:08 CV 1760

-vs-

                                  MEMORANDUM OPINION

OPTION ONE MORTGAGE CORP.,
et al.,

                Defendant.

KATZ, J.

      This matter is before the Court on the *pro se* Plaintiff's motion for a temporary restraining order filed on July 25, 2008. At that time, the Court directed Plaintiff to complete and certify service upon the Defendants. The docket reflects service upon the named Defendants (Doc. Nos. 4, 7 and 8). On August 4, 2008, Defendant Tobe filed a motion to dismiss. (Doc. No. 5.) The other two defendants have not responded nor entered an appearance in this litigation as of this writing. The Plaintiff has been granted until September 8, 2008 to file a response to Tobe's motion to dismiss.

**MOTION FOR TEMPORARY RESTRAINING ORDER**

*A. Standard*

      Under Fed. R. Civ. P. 65(b), a temporary restraining order is an extraordinary remedy whose purpose is to preserve the status quo. Injunctive relief may be granted to effect preventative or protective relief. The factors considered in granting a TRO or a preliminary injunction are similar in nature. In the Sixth Circuit it is well settled that the following factors are to be considered in making this determination:

> (1) Whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) Whether the movant has shown irreparable injury; (3) Whether the issuance of a preliminary injunction [TRO] would cause substantial harm to others; and (4) Whether the public interest would be served by granting injunctive relief.

*Mason County Med. Ass'n v. Knebel,* 563 F.2d 256, 261 (6th Cir. 1977).

With this framework in mind, the Court turns to *pro se* Plaintiff's "Emergency Request for Temporary Injunctive Relief."

*B. Discussion*

A reading of Plaintiff's complaint and his motion indicates that he seeks to halt the Defendants from actions relating to the foreclosure of his property, based, in part, upon violations of due process.

The recent motion to dismiss filed by Defendant Tobe appears to shed more light on the situation at bar. For purposes of this discussion, the Court takes judicial notice of Defendant Tobe's motion to dismiss and the attachments therein.

According to the state court docket from the Lucas County Court of Common Pleas, it appears that the foreclosure action was filed in June 2007 and a motion for default was granted at the end of August 2007. The notice of a sheriff's sale was filed near the end of December 2007. An order of sale was confirmed in March 2008.

A review of the state court docket indicates the foreclosure proceedings to have been completed. Thus, one of the critical factors in a temporary restraining order, namely, the irreparable harm, is without support.

2

The *pro se* Plaintiff has likewise failed to demonstrate a likelihood of success upon the merits of his claim. Similarly, the other factors, substantial harm to others and the public interest, do not appear to weigh in Plaintiff's favor.

## CONCLUSION

Accordingly, the *pro se* Plaintiff's motion for a temporary restraining order is denied.

IT IS SO ORDERED.

   S/ *David A. Katz*
   DAVID A. KATZ
   U. S. DISTRICT JUDGE