

2008 SEP 12 PM 3: 5 J

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO OF OHIO

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CALVIN BELL, | ) | CASE NO. 3:08 CV 1760 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| OPTION ONE MORTGAGE CORP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Calvin Bell filed this action on July 22, 2008 against Option One Mortgage Corp. ("Option One"), Hong Kong and Shanghai Banking Corporation, and attorney Jeffrey Tobe. In the complaint, Mr. Bell challenges a state court judgment issued against him in a foreclosure action on August 29, 2007. He asks this Court declare his mortgage and any lien associated with the mortgage to be void, award him damages in the amount of three times the market value of his property, and enjoin further execution of the foreclosure judgment.

### Background

Mr. Bell was the defendant in a foreclosure action filed by Option One in the Lucas County Court of Common Pleas on June 18, 2007. Although he was personally served with the

complaint and received a copy of the complaint by certified mail, he did not file an answer. Through attorney Jeffrey Tobe, Option One filed a Motion for Default Judgement. It was granted by the court on August 29, 2007. Mr. Bell did not appeal this decision. The property was sold at sheriff's sale in execution of the foreclosure judgement. That sale was confirmed on March 14, 2008. A writ of possession was issued.

Mr. Bell then filed a series of Motions contesting the validity of the mortgage. The court liberally construed these as Motions to Vacate the Foreclosure Judgment, which it denied on July 22, 2008. Mr. Bell did not appeal that Order, but instead filed the within federal action on that same day. He claims that the foreclosure sale is defective because the defendants did not prove that they were the real parties in interest, failed to produce evidence of a security interest, and were not holders in due course. He asserts claims of false or misleading representation, unfair practices, conversion, Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1961, which he states will render the foreclosure judgment to be null and void.

On August 22, 2008, Mr. Bell filed an Amended Complaint. Although he characterizes this pleading as an Amendment, it is clear that he intended for the pleading to supplement rather than take the place of the original complaint. In the Amended Complaint, the plaintiff contends that the defendants did not comply with an order issued by United States District Judge Christopher A. Boyko governing foreclosure actions filed in the United States District Court for the Northern District of Ohio. He contends that the Common Pleas Court converted his property through a defective judicial process.

2

**Analysis**

While *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner. 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

Mr. Bell challenges the state court judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle. generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997. 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park. No. 98-1142. 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a

Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

Mr. Bell declares that the Rooker-Feldman Doctrine does not apply in his case because a favorable decision by this court would declare the state court judgment to be defective and therefore void. He contends that if the state court judgment is void, it has no effect and his complaint, therefore, cannot be deemed to be a review of a state court judgment. To the contrary, this is precisely the type of challenge that the Rooker-Feldman Doctrine bars. It is apparent on the face of the complaint that Mr. Bell is asserting that the state court was wrong when it ruled against him and that the judgment itself has caused his injury. This Court cannot entertain those types of claims. Moreover, Mr. Bell requests that this Court declare the state court judgment to be void and

4

enjoin its execution. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed by the state court. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz. 142 F.3d at 293.

To the extent that Mr. Bell can claim that he is not attempting to engage in an appeal of the state court judgment, but rather seeks to litigate the issues anew in the federal forum, the action is without merit. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. Id. Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation. and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio courts have already granted judgment in the foreclosure action, confirmed the sale of the property in execution of that judgment and issued a writ of possession. This court is bound to give full faith and credit to the decisions of that court.

## Conclusion

Accordingly. this action is dismissed. Further. the court certifies pursuant to 28

5

U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

       IT IS SO ORDERED.

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[1]      28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6